STATE of Missouri, Plaintiff–
Respondent,

v.

Michael E. LAKANER, Defendant–
Appellant.

No. 17659.

Missouri Court of Appeals,
Southern District.

May 22, 1992.

Pete Carter, Rolla, for defendant-appellant.

Catherine L. Lange, Pros. Atty., Sidney T. Pearson, II, Asst. Pros. Atty., Steelville, for plaintiff-respondent.

FLANIGAN, Chief Judge.

A jury found defendant Michael E. Lakaner guilty of driving while intoxicated, a Class B misdemeanor, § 577.010 RSMo 1986, and he was sentenced to 60 days in the county jail. Defendant appeals.

Defendant contends that the trial court erred in denying his motion for mistrial, based on an incident which occurred during the prosecutor's examination of Trooper Warren Wiedemann of the Missouri State Highway Patrol. Defendant also contends that the trial court erred in overruling his objection to a portion of the prosecutor's final argument. Although defendant does not challenge the sufficiency of the evidence to support the verdict, his contentions must be considered in light of the evidence.

Trooper Wiedemann testified that at approximately 1:00 a.m. on September 2, 1990, the date of the charged offense, he saw a Chrysler automobile eastbound on Washington Street in Cuba. Wiedemann was westbound. The Chrysler came completely across the roadway, and Wiedemann had to swerve onto the shoulder to avoid being struck. Wiedemann turned his vehicle around and followed the Chrysler, which turned left onto Highway P. It "was driving completely to the left side of the road, almost to the ditch." Wiedemann stopped the Chrysler. Defendant was its driver and sole occupant.

Wiedemann detected a strong odor of intoxicants. Defendant's eyes were "extremely red, bloodshot, and watery." His speech was slurred and he had poor coordination. When he stepped out of the Chrysler, at Wiedemann's request, he was unstable and stumbled as he walked. Wiedemann asked defendant, who has a 12th grade education, to recite the alphabet, and he "made it to the letter D and stated he couldn't say any more." Wiedemann asked him to count backwards from 10 to 1, and he was not able to do that.

Wiedemann placed defendant under arrest, took him to the patrol office in Cuba, and performed field sobriety tests which defendant "was not able to complete." Defendant refused to take the breathalyzer test. Defendant, who had been given the Miranda warnings, told Wiedemann that he had been drinking beer since 11:15 p.m.

Wiedemann testified that he had had training at the highway patrol academy "identifying intoxicated individuals," that he had made 67 arrests for "DWI," and that in his opinion defendant was intoxicated.

■ Defendant's first point is that the trial court erred in denying his motion for a mistrial "after the state adduced evidence of a separate offense for which the defendant was not on trial."

During the direct examination of Trooper Wiedemann by Prosecuting Attorney Catherine Lange, the following occurred:

Q. Once you had completed your interview with the defendant, did you then transport him some place?

A. Yes, I did.

Q. Where did you transport him to?

A. To the Crawford County Courthouse.

Q. And what happened subsequent to that?

A. He was booked in and incarcerated.

Q. For charges of?

A. For driving while intoxicated, driving while revoked, failing—

At that point, defense counsel requested and received permission to approach the bench. Outside the hearing of the jury, defense counsel objected to the trooper's reference to "driving while revoked." The trial court sustained the objection but denied defense counsel's request for a mistrial. Counsel then asked the court to instruct the jury to disregard the challenged testimony. When the trial resumed, the court instructed the jury to "disregard the response to the last question except for the

offense of driving while intoxicated that was mentioned."

It will be observed that the challenged testimony was received before any objection was made, and it was responsive to the question which elicited it. The trial court sustained defense counsel's belated objection and instructed the jury to disregard the challenged portion. This court holds that the incident was not so inflammatory that the trial court was required to resort to the drastic remedy of declaring a mistrial. See *State v. Allen*, 472 S.W.2d 358, 360[2] (Mo.1971), where an arresting officer, on direct examination by the prosecutor, stated that the defendant was in custody on charges of rape and robbery. The only offense on trial was rape. The trial court instructed the jury to disregard the reference to the charge of robbery and denied the defendant's request for a mistrial. On appeal, the supreme court rejected defendant's contention that the trial court committed reversible error in not granting the mistrial. *See also State v. Walker*, 531 S.W.2d 55, 56–57[1–4] (Mo. App.1975). Defendant's first point has no merit.

Defendant's second point is that the trial court erred in overruling his objection to a portion of the closing argument of prosecutor Lange because the argument was "personalized," and "such personalization is improper because it asks the jury to personally inject themselves into the case, rather than considering the evidence as a fair and impartial finder of fact."

During the prosecutor's final argument, the following occurred:

[Prosecutor Lange]: I'm going to use my rebuttal time because [the defense attorney] would have you believe that this entire case somehow revolves around the refusal to take a breathalyzer test, that in and of itself would prove guilt or innocence. That's not what we're trying to do here today. I mean, it's unfortunate about the breathalyzer, but I think we have—I know we have proven beyond a reasonable doubt through other objective means that the defendant was intoxicated, other accepted criteria used by every law enforcement official in this state when trying to determine the intoxication of an individual.

For instance, the strong odor of intoxicants on the breath of the defendant. He had been drinking. He admitted he had been drinking. He smelled like he had been drinking. Watery eyes, bloodshot eyes, swaying staggering, slurred speech—these are all observations. And these—And you use this in conducting an investigation as to an individual that you suspect is intoxicated—reliable observation.

If you've ever seen an intoxicated person yourself, you know that you can identify intoxication—

[Defense Counsel]: I'm going to object, Your Honor. May I approach the bench?

[The Court]: You may.

At the bench conference, defense counsel stated:

[Defense Counsel]: Counsel just personalized argument, Your Honor. "You know and you—if you know—you can tell" is personalizing the closing argument, Your Honor.

[The Court]: Your objection will be overruled.

"The trial judge has wide discretion in controlling the scope of closing argument and determining what constitutes impermissible references in the context of trial, and it is he who occupies the best position to observe the effect of contested statements on the jury." *State v. Parkus*, 753 S.W.2d 881, 885 (Mo. banc 1988) (citing authorities). "The prosecutor has the right to argue evidence and reasonable inferences from the evidence. The prosecutor may state a conclusion if that conclusion is fairly drawn from the evidence." *Clemmons v. State*, 785 S.W.2d 524, 530 (Mo. banc 1990) (citing authorities). "A trial court's discretion in allowing or rejecting argument of counsel and its ruling are reversible only for an abuse of discretion where the argument is plainly unwarranted." *State v. McDonald*, 661 S.W.2d 497, 506 (Mo. banc 1983).

In *State v. Raspberry*, 452 S.W.2d 169 (Mo.1970), the court said, at 172:

It is well settled that the prosecutor may not personalize his argument to the jury. The jury must act objectively, without fear or prejudice. They must determine the guilt or innocence of the defendant from the evidence and it is improper for the prosecutor to taint their judgment with suggestions of personal danger to them or their families if the defendant is acquitted.

The challenged argument did not constitute a suggestion to the jury "of personal danger to them or their families if the defendant is acquitted." It is proper for counsel to argue to the jury matters of common knowledge. The usual signs of intoxication—staggering, bloodshot eyes, poor coordination and slurred speech, among others—are well known to the average juror. This court holds that the challenged argument was not improper "personalization." Defendant's second point has no merit.

The judgment is affirmed.

SHRUM, P.J., and MAUS, J., concur.