**STATE of Missouri, Respondent,**

v.

**Bernard MEEKS, Appellant.**

**No. 54954.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 11, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 17, 1989.

Teoffice E. Cooper, Holly G. Simons, Asst. Public Defenders, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his jury conviction for first degree robbery pursuant to § 569.020, RSMo 1986, for which he was sentenced as

a persistent offender to life imprisonment. We affirm.

Defendant does not question the sufficiency of the evidence to support the conviction. The evidence at trial consisted of the following: On December 4, 1984, at 1:20 p.m., Charter Bank was robbed. A man, later identified as defendant, wearing a red plaid shirt and glasses and brandishing a gun gave a note to a teller which read "Give me all your money or I'll kill you." The teller filled a bag with $7,800 and defendant left the bank.

That same afternoon, Dale Redus, a customer in the bank, noticed a black male wearing a red plaid shirt loitering in the bank in what he considered to be a suspicious manner. Redus observed the individual for three to four minutes at close range. Although Redus did not see the actual robbery, upon learning of the robbery from his wife, a bank employee, Redus stated he believed he had seen the robber.

Approximately three to four weeks after the robbery, the police contacted Redus. After giving police a description of the individual he observed in the bank, Redus viewed twenty photographs to try and identify the man. Redus eliminated sixteen of the photographs right away, and eventually eliminated all but two of the photographs. He could not say which of the two was the man he had seen in the bank. One of the two photographs was of defendant.

On March 2, 1985, Redus was flown to Oklahoma City to view a lineup. The lineup consisted of five men, one of whom was defendant. Redus picked two men from the lineup, but he was not sure which of the two was the man he had seen. One of these two men was defendant. At trial, Redus positively identified defendant as the man he had seen in the bank on the day of the robbery.

Defendant's sole point on appeal is that the in-court identification of defendant by Redus should have been suppressed because it was the product of impermissibly suggestive pretrial identification procedures and did not have a substantial independent basis.

In determining whether suppression of an in-court identification is required, we must ask two questions. First, were the police procedures impermissibly suggestive, and, if so, was there a reliable independent basis for the in-court identification? *State v. Stephens*, 708 S.W.2d 345, 348 (Mo.App.1986).

Defendant makes no contention that the photographic lineup or physical lineup taken alone was impermissibly suggestive. Instead defendant contends the fact that he was the only man represented in both the photographic and physical lineups suggested to the witness defendant must be the guilty party. We disagree. This circumstance alone did not render the lineup impermissibly suggestive. *See id.* [2] (lineups not flawed where defendant was the only person in both photographic lineups and in physical lineup).

Because we do not find the pretrial procedures impermissibly suggestive, defendant's point must fail.

Judgment affirmed.

CRANDALL, P.J., and DOWD, J., concur.