**STATE of Missouri, Respondent,**

v.

**Donald L. BUCKLER, Appellant.**

**No. WD 55344.**

Missouri Court of Appeals,
Western District.

March 9, 1999.

Theodore S. Elo, St. Joseph, for appellant.

Chad Gaddie, St. Joseph, for respondent.

Before BRECKENRIDGE, P.J., C.J., ULRICH, J., and EDWIN H. SMITH, J.

ULRICH, Judge.

Donald Buckler appeals his conviction following jury trial for driving while intoxicated, section 577.010, RSMo 1994. He asserts on appeal two points of error by the trial court. Mr. Buckler argues that the trial court erred in failing to grant his motion to dismiss at the end of the State's evidence due to the State's failure to present substantial evidence of his intoxication. As his second claim of error, Mr. Buckler charges that the court erred when it denied his motion to dismiss the charge of driving while intoxicated because, he asserts, no witnesses testified that he was intoxicated. Witnesses are required by section 577.037.5(3), RSMo 1994, to present evidence of intoxication when the evidence of blood alcohol content is less than the amount identified by statute to constitute presumed intoxication. Thus, Mr. Buckler contends section 577.037.5(3), RSMo 1994, proscribes his conviction for driving while intoxicated where his blood alcohol level was less than .10% and where the evidence did not include "physical observations of witnesses" of his claimed intoxication.

The judgment of conviction is affirmed.

## FACTS

Sergeant Tom Meyer, Missouri Highway Patrol, stopped the appellant, Donald Buckler, on February 6, 1997, at approximately 6:30 p.m., for failure to maintain working taillights on the vehicle he was then driving, a routine traffic stop. Sergeant Meyer observed Mr. Buckler's eyes to be watery and bloodshot. Sergeant Meyer also noticed the order of alcohol emanating from Mr. Buckler. Sergeant Meyer had Mr. Buckler perform several field sobriety tests including an ABC test, walk and turn, one leg stand, horizontal gaze nystagmus test, and portable breath test (PBT). From his observations, Sergeant Meyer believed Mr. Buckler to be intoxicated.

Mr. Buckler was placed under arrest and transported to the Highway Patrol Troop Headquarters in St. Joseph, Missouri. While at the Headquarters, Mr. Buckler stated he had been at the Painted Pony Lounge prior to his arrest. He further stated he had drunk one beer while at the bar. Mr. Buckler submitted to a breathalyzer test. Mr. Buckler's blood alcohol level was measured at .094%.

At trial, three witnesses testified on Mr. Buckler's behalf. The witnesses testified that Mr. Buckler had consumed no more than three or four beers while at the Painted Pony Lounge. Mr. Buckler also testified that he had consumed three bottles of beer and part of a fourth bottle.

Also at trial, Mr. Buckler stated to the jury that he is unable to balance himself because his right ankle and left knee have residual injuries. Mr. Buckler also testified that he had performed the ABC test (recitation of the English alphabet) poorly because he had not recited the alphabet for a long time before he attempted to do so when confronted by Sergeant Meyer.

Mr. Buckler was convicted of driving while intoxicated and assessed a fine of $500. This appeal followed.

## I.

■ Mr. Buckler first argues that the trial court erred in failing to grant his motion to dismiss at the close of the State's evidence because the record is devoid of substantial evidence of his intoxication. He argues his poor performance of various field sobriety tests was due to his physical disabilities. Mr. Buckler argues that at the time of the traffic stop, Sergeant Meyer did not observe him driving erratically or improperly.

■ When reviewing the sufficiency of the evidence following conviction, the State is given benefit of all reasonable inferences from the evidence, and all contrary evidence and unfavorable inferences are disregarded. *State v. Mallett,* 732 S.W.2d 527, 530 (Mo. banc 1987), *cert. denied,* 484 U.S. 933, 108 S.Ct. 309, 98 L.Ed.2d 267 (1987).

Sergeant Meyer, an 18–year veteran of the Missouri Highway Patrol, testified that Mr. Buckley had a strong odor of alcohol about him and that his eyes were watery and bloodshot when he first encountered Mr. Buckley. Sergeant Meyer has been trained to detect intoxicated drivers and has been certified to administer various field sobriety tests. Sergeant Meyer testified that he has administered such standardized tests as the ABC test, walk and turn, one leg stand, and horizontal gaze nystagmus test, numerous times throughout his career before he encountered Mr. Buckley.

■ Sergeant Meyer testified that Mr. Buckler did not pass the ABC test and failed all six sub-tests of the horizontal gaze nystagmus test while Mr. Buckler sat in Sergeant Meyer's patrol car. Sergeant Meyer testified that Mr. Buckler did poorly on the walk and turn test, and he was unable to complete the one leg stand. The results of the preliminary breath test also indicated Mr. Buckler was intoxicated. Mr. Buckler argues his poor performance on the balance tests was due to the physical disabilities of his left ankle and his right knee. It is for the trier of fact, however, to judge the credibility of witnesses, and the jury was free to believe or disbelieve Mr. Buckler's testimony regarding his physical disabilities. *State v. McHaffie,* 762 S.W.2d 875, 877 (Mo.App. S.D. 1989).

Substantial evidence was presented that Mr. Buckler was intoxicated when Sergeant Meyer stopped Mr. Buckler and confronted him, thereby supporting the finding that Mr. Buckler was guilty beyond a reasonable doubt of the offense charged. Mr. Buckler's argument that the trial court erred in failing to grant his motion to dismiss at the conclusion of the State's evidence due to lack of substantial evidence of intoxication is, therefore, denied.

## II.

As his second point of appeal, Mr. Buckler argues that the trial court erred in failing to dismiss his charge of driving while intoxicated because no witnesses observed him commit the alleged offense. Mr. Buckler relies on section 577.037.5(3), RSMo 1994, which provides, "physical observations of witnesses" are necessary for a case to proceed with a blood alcohol level of less than .10%. § 577.037.5(3), RSMo 1994. Mr. Buckler's blood alcohol level registered at .094% when the breathalyzer test was performed. Mr. Buckler argues that, due to the test result, and because only one witness "physically observed" and testified to his intoxication, the case should have been dismissed pursuant to section 577.037.5(3).

One of three conditions must be met for the charge of driving while intoxicated (DWI) to withstand dismissal when the blood alcohol level of the person charged is measured under .10%. § 577.037.5, RSMo 1994. The statute's third stated condition requires the State to produce "substantial evidence of intoxi-

cation from physical observations of witnesses or admissions of the defendant." § 577.037.5(3), RSMo 1994.

■ As discussed in point one, Sergeant Meyer testified that he observed Mr. Buckler to be intoxicated. Mr. Buckler also admitted at trial that he had consumed 3 or 4 bottles of beer prior to his arrest. This testimony was sufficient evidence by which the trier of fact could determine Mr. Buckler's guilt beyond a reasonable doubt. *State v. Faust,* 709 S.W.2d 121 (Mo.App. E.D.1986). The trial court did not err in refusing to dismiss the charge of driving while intoxicated at the conclusion of the State's case. Point two is denied.

The judgment of conviction is affirmed.

All concur.