**STATE of Missouri, Plaintiff–Respondent,**

v.

**Archie A.L. KELLNER, Defendant–Appellant.**

No. 24914.

Missouri Court of Appeals, Southern District, Division Two.

April 21, 2003.

Irene Karns, Assistant State Public Defender, Columbia, for defendant–appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Nicole E. Gorovsky, Assistant Attorney General, for plaintiff–respondent.

JAMES K. PREWITT, Presiding Judge.

Following jury trial, Archie A.L. Kellner ("Defendant") was convicted of distribution of a controlled substance, a class B felony under § 195.211, RSMo 2000. With one point relied on, Defendant challenges the sufficiency of the evidence.

Viewing the evidence in the light most favorable to the verdict, the following evidence was adduced at trial. On February 19, 2001, a search warrant was served at the residence of T.J. Satrang. Deputy Rick Fajen ("Deputy") of the Benton County Sheriff's Office participated in the search. Defendant came to the door after Deputy knocked, but when Deputy announced that the officers had a search warrant, Defendant attempted to barricade the door, forcing the officers to kick it in to obtain entry.

During the course of the search, the officers seized a baby food jar containing methamphetamine (which we will sometimes refer to as meth) from under a couch. Several of those present in the home were arrested on a 20–hour hold, including Defendant, Satrang, and Bridgett Clark. The next day, Clark was interviewed by Deputy and she told Deputy that a couple of days prior to the search Defendant had the baby food jar that the contained the meth and that she and Defendant "did some together." According to Deputy, Clark told him that she "got" the meth from Defendant. In her written statement, Clark indicated that she "saw [Defendant] with a baby food jar which had meth in it which I used a couple of days ago."

After Deputy interviewed Clark, he attempted to interview Defendant, but Defendant declined to make a statement. The following day, however, Defendant asked to speak to Deputy and also made a written statement. Defendant stated that he received the baby food jar from Satrang. During the time that the baby food jar was in Defendant's possession, Defendant admitted that he had "gave [sic] some to [Clark] and that they did [the meth] together." Defendant returned the baby food jar to Satrang when Satrang returned from out-of-town.

Defendant was charged by amended information on May 21, 2001. Pursuant to his request for a change of venue, the cause was transferred to Dallas County

and the jury trial held there on January 18, 2002. The only two witnesses that testified at trial were Clark and Deputy; Defendant presented no evidence.

During her testimony, Clark denied telling Deputy that Defendant gave her meth from the baby food jar. She testified that she saw Defendant with the baby food jar and that she used meth from the jar. On cross-examination, Clark testified that when she had used meth from the jar, Defendant did not give it to her. On re-direct, Clark admitted to the prosecutor that on direct, she had stated that she did not remember what happened between seeing the jar in Defendant's hand and her using the meth from the jar, but that on cross, she testified that she specifically remembered that Defendant did not give the meth to her.

Deputy testified following Clark, and provided testimony regarding the events of the search and subsequent interviews with and statements from Clark and Defendant. The jury found Defendant guilty of distribution of a controlled substance in violation of § 195.211, RSMo 2000. He was sentenced to seven years' imprisonment. This appeal followed.

In his one point on appeal, Defendant challenges the sufficiency of the evidence and contends that the State failed to present evidence from which a reasonable juror could find beyond a reasonable doubt that he was guilty of distributing methamphetamine. According to Defendant, the only evidence that he gave Clark methamphetamine were comments attributed to him and Clark by Deputy.

In reviewing a challenge to the sufficiency of the evidence, this Court must determine whether there is sufficient evidence from which a reasonable juror could have found Defendant guilty beyond a reasonable doubt. *State v. Whalen,* 49 S.W.3d 181, 184 (Mo.banc 2001). Although we do not supply missing evidence or give the State the benefit of unreasonable, speculative, or forced inferences, we view the evidence in the light most favorable to the verdict and give the State the benefit of all reasonable inferences therefrom. *Id.* All evidence and inferences to the contrary are disregarded. *State v. Crawford,* 68 S.W.3d 406, 407 (Mo.banc 2002).

This Court does not weigh the evidence. *Id.* Nor do we judge the credibility of the witnesses, for that is within the jury's province. *State v. Buckler,* 988 S.W.2d 565, 567 (Mo.App.1999). The jury, as trier of fact, is free to believe or disbelieve all, part, or none of the witnesses. *State v. Immekus,* 28 S.W.3d 421, 426 (Mo.App. 2000).

Under § 195.211, RSMo 2000, "it is unlawful for any person to distribute, deliver, manufacture, [or] produce ... a controlled substance or to possess with intent to distribute, deliver, manufacture, or produce a controlled substance." Distribute is defined as "to deliver other than by administering or dispensing a controlled substance." § 195.010(12), RSMo 2000. Deliver is defined within that same statute as "the actual, constructive, or attempted transfer from one person to another of drug paraphernalia or of a controlled substance, or an imitation controlled substance, whether or not there is an agency relationship, and includes a sale." § 195.010(8), RSMo 2000.

Transfer is not defined in the statute, but from Black's Law Dictionary it means: "[t]o convey or remove from one place, person, etc., to another; pass or hand over from one to another; specifically, to change over the possession or control of (as, to transfer a title to land). To sell or give." BLACK'S LAW DICTIONARY 1497 (6th ed.1990).

Thus, if the evidence showed that Defendant was in possession of the methamphet-

amine in the baby food jar and "gave" it to Clark, such actions would meet the definition of deliver, and therefore distribute, as it relates to a violation under § 195.211, RSMo 2000. Defendant does not dispute that analysis.

Neither does Defendant deny that he had possession of the baby food jar containing the methamphetamine. Defendant's argument rests on his assertion that there was not sufficient evidence that he gave Clark the methamphetamine.

We disagree. Deputy testified that Clark told him during an interview during her 20–hour hold that Defendant not only possessed the methamphetamine in the baby food jar, but that Defendant gave her meth from that jar. In her written statement, Clark indicated that she "saw [Defendant] with a baby food jar which had meth in it which I used a couple of days [prior to the interview with Deputy]." Deputy also testified that Defendant admitted that he had "gave [sic] some to [Clark] and that they did [the meth] together." The references of Clark and Defendant regarding Defendant giving Clark the methamphetamine were noted within Deputy's report on the warrant application.

At trial, Clark was called as a witness by the State and denied the statements attributed to her by Deputy. Defendant did not testify. During Clark's testimony on re-direct, she admitted to the prosecutor that on direct, she had stated that she did not remember what happened between seeing the jar in Defendant's hand and her using the meth from the jar, but that on cross, she testified that she remembered that Defendant *did not* give the meth to her.

■ Under § 491.074, RSMo 2000, "a prior inconsistent statement of any witness testifying in the trial of a criminal offense shall be received as substantive evidence, and the party offering the prior inconsis-

tent statement may argue the truth of such statement." At one time, there was a requirement that a party could not impeach its own witness with a prior inconsistent statement unless there was a showing of surprise and hostility. *State v. Phillips*, 940 S.W.2d 512, 520 (Mo.banc 1997). The Missouri Supreme Court modified the rule in view of § 491.074, and the showing of surprise and hostility is now only necessary to impeach by proof of prior criminal convictions. *Id.*

■ Thus, prior inconsistent statements are admissible not only to impeach testimony by the declarant at trial, but also as substantive evidence. *State v. Woodworth*, 941 S.W.2d 679, 690 (Mo.App.1997). Here, there is an argument that Clark's own written statement indicated that Defendant gave her the meth; however, that argument is not necessary because Clark's statements, as well as Defendant's, were heard by Deputy, to which he testified, and noted in his report. This is considered enough to allow the admission of the testimony regarding the statements into evidence. *Id.* at 692.

More important to the appeal before us, since Defendant raised no issue regarding the admissibility of the evidence, is that, given the jury's role as the trier of fact and that it was within its province to believe or disbelieve the conflicting testimony regarding whether Defendant gave Clark the methamphetamine, there was sufficient evidence from which a reasonable juror could have found Defendant guilty beyond a reasonable doubt. *Immekus*, 28 S.W.3d at 426; *Whalen*, 49 S.W.3d at 184.

The judgment is affirmed.

RAHMEYER, C.J., and PARRISH, J., concur.