**STATE of Missouri, Respondent,**

v.

**Terrence Terrell WILLIAMS, Appellant.**

**Nos. ED 91326, ED 91658.**

Missouri Court of Appeals,
Eastern District,
Division Five.

March 3, 2009.

Kelly Jager, St. Louis, MO, for appellant.

Chris Koster, Dora A. Fichter, Jefferson City, MO, for respondent.

KENNETH M. ROMINES, J.

### Introduction

Appellant, Terrence Williams, appeals the judgment of the Circuit Court of St. Louis City, the Honorable Robert H. Dierker, Jr. presiding. Williams was convicted by a jury of second degree murder and armed criminal action. The court sentenced Williams to consecutive terms of thirty and five years imprisonment. Williams now appeals his conviction, we affirm.

### Factual and Procedural Background

On 15 December 2005 Daryl Davis and his cousin Gregg Gardner parked at the 5100 block of Robin Street. Gardner exited the vehicle and returned accompanied by three other men. Another car then stopped across the street and one of the men accompanying Gardner, later identified as Williams, began arguing with the driver. The driver of the car was later identified to be Dennis Rankins. Rankins exited the car and Williams punched him. Rankins fell to the ground, returned to his feet and ran towards the house at 5100 Robin Street. Before Rankins opened the door of the house Williams fired three shots at him. Davis and Gardner drove away in separate vehicles.

Responding to a 911 call, police found Rankins dead. St. Louis Metropolitan Police Detective Robert Boney investigated the homicide. Detective Boney's investiga-

tion lead him to Daryl Davis. During an interview Davis was shown a photo line-up. Davis selected two photos as possibly being the shooter, one of which was Williams. Approximately two weeks later Davis was shown a physical line-up. Davis identified Williams out of that line-up as the shooter.

At trial Williams' defense was alibi— "... he was at his mother's house when the crime occurred...." Defense counsel presented three witnesses who testified to this effect. Defense counsel attempted to elicit evidence from a defense witness that the witness had a frightening experience with Rankins earlier on the day of the shooting. The State objected to the relevance of this evidence and the court sustained the State's objection. Defense counsel moved at the close of evidence for acquittal, the motion was denied.

Additionally defense counsel objected at trial to the State's closing argument claiming it shifted the burden of proof. In its closing argument the State stated that "... [T]he defense doesn't have to do anything. Well, you know, when they choose to put witnesses on, they're held to the same standard, and if you don't believe their witnesses, if you have a doubt about what their witnesses are saying, if you think they are not telling the truth ... then you are entitled to consider that as additional evidence of the defendant's guilt, because a guilty person doesn't have to put a lie on. An innocent person can put the truth on and it should help them." The court overruled the defense counsel's objection.

The jury found Williams guilty of murder in the second degree and armed criminal action. Later the jury recommended a sentence of thirty years for the second degree murder conviction and five years for the armed criminal action conviction. The Court sentenced Williams to consecu-

tive sentences of thirty and five years. This appeal follows.

## Discussion

### I

■ Williams argues that the trial court erred in overruling his motion to suppress and admitting the physical line-up identification of him by Davis because it was tainted by suggestive police procedures and therefore unreliable. We will affirm the trial court's ruling on a motion to suppress unless the ruling was clearly erroneous. *State v. Heyer*, 962 S.W.2d 401, 401 (Mo.App. E.D.1998). If the ruling is plausible, in light of the record viewed in its entirety, we should not reverse, even if we would have weighed the evidence differently. *Id.* We review the factual findings only to determine if they are supported by substantial evidence, viewing the facts in the light most favorable to the trial court's ruling and disregarding contrary evidence and inferences. *Id.*

■ Identification testimony is admissible unless the pretrial identification procedure was unnecessarily suggestive and the suggestive procedure made the identification unreliable. *State v. Middleton*, 995 S.W.2d 443, 453 (Mo. banc 1999). A procedure is unnecessarily suggestive if the identification results not from the witness's recollection of firsthand observations, but rather from the procedures or actions employed by the police. *State v. Lanos*, 14 S.W.3d 90, 95 (Mo.App. E.D. 1999). The fact that the defendant was in both the photographic and physical line-ups does not alone render the line-up impermissibly suggestive. *State v. Meeks*, 770 S.W.2d 709, 710 (Mo.App. E.D.1989).

In *State v. Glessner*, 918 S.W.2d 270, 277 (Mo.App. S.D.1996) The witness was unable to identify the defendant in a physical lineup. Later the defendant, but no other from the physical lineup, was included in a

photographic lineup. *Id.* From the second lineup the witness identified the defendant. *Id.* That court held this was not impermissibly suggestive. *Id.* Similarly, here, Davis was unable to identify Williams as the shooter in the first photographic lineup. However, in the later physical lineup he was able to identify Williams as the shooter. As in *Glessner,* this does not render the second lineup impermissibly suggestive.

Williams also argues that the destruction of the photograph taken of the physical lineup inhibited the Court's ability to determine that there was a lack of suggestibility in the physical lineup. At trial a defendant must carry a burden of proof that there was a "very substantial likelihood of irreparable misidentification" in order to suppress identification. *Manson v. Brathwaite,* 432 U.S. 98, 116, 97 S.Ct. 2243, 2254, 53 L.Ed.2d 140 (1977). The trail court used the information available to it, including the testimony of Detective Boney and Davis to decide that the lineup was not impermissibly suggestive.

We find nothing suggestive about the lineups, thus the reliability of the identification is not at issue. The trial court did not clearly err in its denial of Williams' motion to suppress identification. Point denied.

## II

■ Williams argues that the trial court abused its discretion in excluding Jureline Shaw's testimony about the victim's reputation for violence because it wrongly excluded relevant admissible evidence, resulting in prejudice.

■ The trial court is vested with broad discretion over the admissibility of evidence, and we should not interfere with a trial court's evidentiary ruling unless there has been a clear abuse of discretion. *State v. Winfield,* 5 S.W.3d 505, 515 (Mo. banc 1999). The trial court abuses its discretion when a ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Shirrell v. Missouri Edison Co.,* 535 S.W.2d 446, 448 (Mo. banc 1976).

■ Evidence is relevant and material if it tends to prove or disprove a fact at issue or corroborates other relevant evidence. *State v. Sanderson,* 528 S.W.2d 527, 531 (Mo.App. E.D.1975). The defense in this case was alibi. Williams never made a self-defense claim. In order for the victim's reputation for violence to be relevant it must have tended to prove or disprove defendant's alibi defense. Williams' claim was that he did not shoot the victim. The character of the victim is thus irrelevant. The defense was allowed to introduce evidence that Williams was not present at the time of the shooting. Three witnesses testified to this effect. The jury decided that their testimony was not credible, the character of the victim would not have contributed to their credibility. The character of the victim was irrelevant. Point denied.

## III

■ Williams argues that the trial court erred in denying his motion for acquittal at the close of all the evidence due to insufficiency of the evidence. When reviewing the sufficiency of evidence supporting a criminal conviction, the Court should not act as a "super juror" with veto powers but should give great deference to the trier of fact. *State v. Grim,* 854 S.W.2d 403, 414 (Mo. banc 1993). Appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *State v. Dulany,* 781 S.W.2d 52, 55

(Mo. banc 1989). In applying this standard, the Court accepts as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence and disregards all evidence and inferences to the contrary. *Id.*

The evidence presented at trial included an eye witness account of seeing Williams approach the victim and shoot the victim as the victim was running away. Witness credibility is a matter reserved for the jury. *State v. Morgan,* 137 S.W.3d 477, 483 (Mo.App. S.D.2004). We should not reweigh the evidence and make a credibility determination. *Id.* As the trier of fact, the jury is the sole arbiter of witness credibility, and it is free to believe or disbelieve all, part, or none of any witness's testimony. *State v. Kellner,* 103 S.W.3d 363, 365 (Mo.App.2003). Thus the jury was free to believe the testimony of Davis over other witnesses. Davis's testimony alone was sufficient for the jury to find guilt beyond a reasonable doubt. *State v. Morgan.* Point denied.

### IV

Finally, Williams argues that the trial court abused its discretion by overruling defense counsel's objection to the State's closing argument. Review of a trial court's ruling during closing argument is for abuse of discretion. *State v. Maynard,* 954 S.W.2d 687, 691 (Mo.App. W.D.1997). The trial court abuses its discretion when a ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Shirrell v. Missouri Edison Co.,* 535 S.W.2d 446, 448 (Mo. banc 1976).

Williams claims that the trial court abused its discretion when they allowed the prosecutor to tell the jury that they did not have to believe Williams' evidence.

Williams argues that this improperly shifted the burden of proof to the defense rather than the prosecution.

For a closing argument to be reversible error, the argument must have a decisive effect of the jury. *State v. Plummer,* 860 S.W.2d 340 (Mo.App. E.D.1993). Williams argues that the prosecutor's argument shifted the burden of proof onto the defendant. In truth the State's argument did no such thing. The State argued that the defense's witnesses are held to the same standard as the prosecution's. This in no way shifts, or insinuates a shift in the burden of proof. The prosecutor may comment on the evidence and the credibility of the defendant's case. *State v. Kreutzer,* 928 S.W.2d 854, 873 (Mo. banc 1996). The defense attacked the credibility of the State's evidence in their closing argument, having every right to do so. Likewise, the prosecution is free to question the credibility of the defenses' evidence in their closing argument. Thus, the trial court did not abuse its discretion when it allowed the prosecutor to tell the jury that they did not have to believe Williams' evidence. Accordingly, William's final point is denied and we affirm the judgment of the trial court.

NANNETTE A. BAKER, C.J. and ROY L. RICHTER, J., concur.