**610**

STATE of Missouri, Respondent,

v.

John EWANCHEN, Appellant.

No. 40102.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 14, 1979.

Robert C. Babione, Public Defender, Mary Elizabeth Dockery, Asst. Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Jeffrey A. Cowin, St. Louis, for respondent.

CRIST, Judge.

Jury conviction of exhibiting a deadly weapon in a rude, angry and threatening manner. Punishment assessed at four years by the court under the Second Offender Act. We affirm.

Defendant says the court erred in ruling on his *motion in limine* and thereafter admitting evidence of another separate crime. Defendant moved at a pre-trial conference to exclude testimony that he was involved in a hit and run accident just prior to the crime for which he was convicted. The court overruled the motion, but stated it would "rule on the merits of any objection at the time it may occur and [sic] the development of the evidence."

A recitation of the evidence shows the defendant was involved in a hit and run accident. This evidence was admissible to establish defendant's intent and state of mind for exhibiting the deadly weapon in a rude, angry and threatening manner.

Officer Rey arrived at 3150 Oregon at 8:11 p. m. in response to a call concerning a man armed with a pistol. Upon arrival, Rey observed the defendant standing on the porch of said premises with a gun in his hand. Rey positioned himself behind a pole and told defendant to drop his gun. Defendant ran from the porch and proceeded into a breezeway located between two buildings. Defendant turned toward Rey, who was only fifteen feet away, at which time Rey told defendant to drop the gun. Instead, defendant pointed it at another police officer who had accompanied Rey. Defendant then re-pointed the gun at Rey. At that time, defendant was tackled from the right by Detective Fredericks.

Fredericks had arrived at the same address at approximately 8:15 p. m. to investigate a hit and run accident involving the defendant. When Fredericks arrived, he noticed defendant standing on the steps of the premises and then running. Thereafter, Fredericks tackled defendant at which time the gun flew out of defendant's hand.

The admissibility of evidence pertaining to the hit and run accident is an exception to the general exclusory rule of evidence of other crimes. It was admissible to show why the defendant acted as he did when confronted with the officers. *State v. Owen,* 457 S.W.2d 799, 803 (Mo.1970).

Additionally, evidence of the hit and run accident was admissible for the reason that defendant did not properly object to its admissibility. When the court ruled adversely to defendant on his motion *in limine,* the court stated that it would "rule on the merits of any objection at the time it may occur and [sic] the development of the evidence." Thereafter, Fredericks testified *without objection* that he had arrived to investigate a hit and run accident involving defendant. Defendant's pre-trial motion *in limine* did not relieve defendant of his duty to object timely and specifically to allegedly inadmissible evidence as it was received during the trial proceedings, for the reason that the trial court had reserved its ruling to the time of admission of hit and run evidence. *State v. Savu,* 560 S.W.2d 244, 245 (Mo.App.1976).

Aside from the testimony of Fredericks concerning the hit and run accident, the only other remark regarding the hit and run accident was made by Rey during cross-examination. This remark was not error because defendant elicited this testimony. *State v. Myrick,* 473 S.W.2d 402, 404 (Mo. 1971).

The judgment is affirmed.

REINHARD, P. J., and GUNN, J., concur.