**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Donnie SILCOX, Defendant-Appellant.**

No. 48838.

Missouri Court of Appeals,
Eastern District,
Division One.

May 21, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 12, 1985.

Application to Transfer Denied
Sept. 10, 1985.

Mark V. Clark, Public Defender, Columbia, for defendant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Donnie Gene Silcox appeals his conviction by a jury of selling lysergic acid diethylamide (LSD), § 195.020.1 RSMo Cum. Supp.1984. Defendant was sentenced as a prior offender to ten years imprisonment. We affirm.

The sufficiency of the evidence is not challenged. From the evidence the jury reasonably could find that on June 16, 1981 defendant sold the controlled substance to Detectives Swan and Holifield, undercover police officers for the St. Louis City Police Department. Defendant denied that he had sold any drugs to the detectives on June 16, 1981 or at any other time.

Defendant's sole point on appeal is that the trial court committed plain error in overruling defendant's motion in limine and allowing the state to cross-examine him concerning details of his prior convictions for selling other controlled substances.

After the detectives had testified and before defendant took the stand he made an oral motion in limine to have the prosecutor refrain from asking or otherwise introducing information on the defendant's prior convictions with respect to the amount of the drugs involved. The motion was overruled. On direct examination defendant admitted that he had been convicted previously for distributing various drugs. On cross-examination the following testimony was given:

Q. The offense that you were found guilty of in Federal Court, specifically was knowingly and intentionally distributing approximately 28.04 grams of phencyclidine; is that correct?

A. Yes, sir.

Q. And the offense that—the other offense was specifically, knowingly and intentionally possessing with the intent to distribute approximately 61.3 pounds of marijuana?

A. Yes, sir. I was guilty of those offenses and I pled guilty to the offenses.

Q. You got what, three years out of that?

A. Yes, sir.

Q. Was that subject to a plea bargain?

MR. SCHMIDT: Your Honor, that's completely inappropriate.

THE COURT: Sustained.

MR. SCHMIDT: Ask the jury be instructed to disregard it, your Honor.

THE COURT: The jury will disregard it.

No other objection was raised as to the questions by the state concerning the amount of drugs involved in the prior convictions.

 Although a motion in limine had been made by the defense to restrict cross-examination of defendant on the details of prior convictions, the motion did not thereby relieve defendant of the duty to make a timely objection at trial. *State v. Pilchak*, 655 S.W.2d 646, 649 (Mo.App.1983); *State v. Ewanchen*, 587 S.W.2d 610, 611 (Mo. App.1979). It follows that a ruling on a motion in limine is preliminary and not a determination that the anticipated evidence will be admitted if offered.

 In the present case defendant did not object to the state's cross-examination on details of prior charges and therefore has not preserved this point. *Pilchak*, 655 S.W.2d at 649; *State v. Stamps*, 569 S.W.2d 762, 765 (Mo.App.1978). Our review is limited to plain error. Rule 84.13.

 In a criminal trial the state has an absolute right to demonstrate, on cross-examination, prior convictions and the nature and kind thereof for the purposes of impeachment, limited only by the restriction, that the cross-examiner should not be per-

mitted to go into details of the crimes leading to the prior convictions. For this purpose the details of admitted prior convictions are unnecessary on the issue of impeachment and constitute evidence of crimes for which the defendant is not on trial. It is permissible, however, to elicit the nature, dates and places of the occurrence and the sentences resulting therefrom. *State v. Lane*, 613 S.W.2d 669, 679 (Mo.App.1981). In literary terms who, what, when and where are in order but why and how are not.

Defendant argues that the state delved into the details of defendant's prior convictions. In support of his contention defendant cites *State v. Phelps*, 677 S.W.2d 418 (Mo.App.1984); *State v. Scott*, 647 S.W.2d 601 (Mo.App.1983); and *State v. Sanders*, 634 S.W.2d 525 (Mo.App.1982). In all three of these cases the defendant made a timely objection during trial. The difference is decisive. The issue is not one going to fundamental rights but only to the scope of cross-examination, a matter ordinarily within the discretion of the trial court. *Lane*, 613 S.W.2d at 679.

The direct evidence of guilt on the charged crime was strong. It was based upon eyewitness testimony of two police officers who participated in the drug sale for which defendant was charged. The verdict demonstrates the jury believed their testimony.

■ Under the circumstances there was no error plain or otherwise. The trial court was not called upon by timely objection to rule. No discretionary ruling was invoked and no error could have resulted. An adverse ruling on a motion in limine does not indicate a ruling that may be made on timely objection to evidence if offered. A ruling on a motion in limine will not support a claim of error.

We affirm.

PUDLOWSKI, P.J., and GAERTNER, J., concur.