STATE of Missouri, Plaintiff–
Respondent,

v.

Michael Lee BEAL, Defendant–
Appellant.

No. 18028.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 5, 1992.

Ellen H. Flottman, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

Defendant Michael Beal was charged with burglary in the second degree. A jury found him guilty. He was sentenced as a prior offender to imprisonment for six years. On appeal, he states two points of error.

A review of the evidence is not necessary, as defendant does not challenge the sufficiency of the evidence. By his first point, defendant contends he was prejudiced by the prosecutor's closing argument. He cites the following remarks:

"Ladies and gentlemen of the jury, as you all know, crime is rampant in your

society today. People are backing in people's houses and stealing from people at an alarming rate....

... Tell these people—send out a message you can't break in to [sic] people's house [sic] but when you come in other [sic] and tell us some unnknown [sic], unnamed stranger gave us permission to do it. We're not going to buy it. And, ladies and gentlemen, I request you send that message...."

Counsel is given wide latitude in summary, and the trial court has broad discretion in controlling such matters. *State v. Willis*, 764 S.W.2d 678 (Mo.App.1988).

"The prosecutor is permitted to argue such propositions as the prevalence of crime in the community and the personal safety of its inhabitants and such pleas may call upon common experience." *State v. Clemmons*, 753 S.W.2d 901, 909 (Mo. banc 1988), *cert. denied*, 488 U.S. 948, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988).

"However, a prosecutor may comment on the prevalence of crime in the community, the necessity of law enforcement to deter crime, and the evils that may befall society if a jury fails its duty. *Kenley v. State*, 759 S.W.2d [340] at 354 [Mo.App. 1988]; *see also State v. Clemmons*, 753 S.W.2d 901, 909 (Mo. banc 1988), *cert. denied*, [488] U.S. [948], 109 S.Ct. 380, 102 L.Ed.2d 369 (1988); *State v. Walls*, 744 S.W.2d 791, 798 (Mo. banc 1988), *cert. denied*, [488] U.S. [871], 109 S.Ct. 181, 102 L.Ed.2d 150 (1988)." *Morrison v. State*, 779 S.W.2d 677, 683 (Mo.App. 1989).

Also see *State v. Jackson*, 833 S.W.2d 888 (Mo.App.1992). The argument of the prosecutor did not offend these standards. Defendant's first point is denied.

■ Defendant, by his second point, contends the trial court erred in giving MAI–CR 3d 302.04 because that instruction improperly defines "reasonable doubt". His argument concerning the definition of "reasonable doubt" has been repeatedly ad-

dressed and denied. See *State v. Antwine*, 743 S.W.2d 51 (Mo. banc 1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988); *State v. Griffin*, 818 S.W.2d 278 (Mo. banc 1991). It is again denied. The judgment is affirmed.

MONTGOMERY, P.J., and PREWITT, J., concur.