STATE of Missouri, Respondent,

v.

Christopher BURTON, Appellant.

No. ED 87799.

Missouri Court of Appeals, Eastern District, Division Five.

April 10, 2007.

Gwenda Renee Robinson, St. Louis, MO, for appellant.

Shaun J. Mackelprang, Jefferson City, MO, for respondent.

BOOKER T. SHAW, Judge.

Christopher Burton ("Defendant") appeals from the trial court's judgment entered upon a jury verdict convicting him of one count of possession of a controlled substance and one count of possession of drug paraphernalia. Defendant was sentenced as a persistent drug offender to concurrent terms of ten years' imprisonment for possession of a controlled substance and one day for possession of drug paraphernalia.[1] The trial court further or-

---

1. It appears the written sentence and judg-     ment erroneously state that Defendant was

dered that Defendant "be committed to the custody of the long-term abuse, substance abuse pursuant to [Section] 217.362 RSMo, and the sentences of incarceration imposed in this case be stayed pending his completion or successfully or unsuccessfully getting out of the long-term drug treatment program."

On appeal, Defendant argues the trial court erred in: (1) overruling his objection and permitting the State to make certain remarks during closing argument because those remarks improperly vouched for the credibility of the State's witnesses, appealed to the jurors' emotions, suggested to the jury that it was their duty to convict Defendant and demonstrated facts outside of the evidence; and (2) telling the jury to continue deliberating when asked by the jury about what to do if only eleven members of the jury vote for guilty, because the response pressured and coerced the jury's verdict. We affirm.

### Facts

Viewed in the light most favorable to the verdict, the facts are as follows. On May 18, 2005, Police Officer Drew Werninger was patrolling the area of the 900th block of Goodfellow in the City of St. Louis. The Officer knew this area had high drug activity. Officer Werninger saw Defendant and another man standing in front of a vacant apartment building and engaging in what appeared to be a hand-to-hand drug transaction. Officer Werninger pulled his vehicle to the curb and exited it to conduct a field interview. He approached Defendant and asked to speak with him. Officer Werninger attempted to engage Defendant in a conversation to determine whether he lived in the area and what he was doing there. Defendant

looked at the Officer and responded, "Look, I got me some [heroin]." Then Defendant pulled a clear, plastic baggie with a capsule containing a white powdery substance, which the Officer believed to be China white heroin, and a chunk of brown tar, which the Officer believed to be black tar heroin.

Officer Werninger placed Defendant under arrest and read him his *Miranda* rights. The Officer then searched Defendant incident to the arrest and found two plastic straws that had been cut and were covered with white residue he believed to be China white heroin. The laboratory analysis of the items retrieved from Defendant confirmed that the white powdery substance contained .10 grams of heroin and the black tar-like substance contained .04 grams of heroin. After a jury trial, Defendant was convicted of one count of possession of a controlled substance and one count of possession of drug paraphernalia. Defendant appeals.

### Analysis

In his first point on appeal, Defendant argues the trial court erred in overruling his objection and permitting the State to make certain remarks during closing argument because those remarks improperly vouched for the credibility of the State's witnesses, appealed to the jurors' emotions, suggested to the jury that it was their duty to convict Defendant and demonstrated facts outside of the evidence.

In the rebuttal portion of her closing argument, the prosecutor argued as follows:

[PROSECUTOR]: Ladies and gentlemen, this is your opportunity to clean up

---

sentenced to one year in the Department of Corrections on the possession of drug paraphernalia count. The transcript, however,

makes clear that the trial court actually sentenced Defendant to one day on this count.

our community. We all know people who are affected by drugs.

[DEFENSE COUNSEL]: Objection, Your Honor. That's improper.

THE COURT: Overruled.

[PROSECUTOR]: We all know people who are affected by drugs, friends, self or whatever. This is our opportunity to help those people and our community. This is now your opportunity to do that to help get the drugs off the street. We're always talking about the war on drugs, war on crime. Now, it's on your doorstep now. It's your opportunity. Please, after you deliberate, find the [D]efendant guilty of possession of a controlled substance and possession of drug paraphernalia. It's the only option. Thank you.

The record reflects that Defendant objected on the basis of "improper argument" when the State first argued, "This is your opportunity to clean up your community." Defendant's motion for new trial raised the issue of the trial court's error in overruling his objection of improper closing when the prosecutor argued that drug activity is a community problem and must be stopped. This claim is therefore preserved for our review. Defendant concedes, however, that defense counsel did not object during the rest of the prosecutor's closing argument quoted above. Defendant requests plain error review for the rest of this claim.

Our standard of review for alleged error made during closing argument depends upon whether defense counsel made an objection at trial. *State v. Shurn*, 866 S.W.2d 447, 460 (Mo. banc 1993), *cert. denied*, 513 U.S. 837, 115 S.Ct. 118, 130 L.Ed.2d 64 (1994). If defense counsel made an objection, we will reverse the trial court's decision with regard to closing argument only if we find the trial court abused its discretion. *Id.* If defense counsel did not make an objection, we may review only for plain error. *Id.;* Rule 30.20. "Plain error review mandates reversal only if the error results in manifest injustice" and if "the argument ha[d] a decisive effect on the jury's determination." *Shurn*, 866 S.W.2d at 460.

Defendant is correct that it is improper for the prosecutor to personalize his argument to the jury by attempting to engender fear of personal safety in the jurors' minds if the Defendant was acquitted. *State v. Raspberry*, 452 S.W.2d 169, 172 (Mo. banc 1970). "However, a prosecutor may comment on the prevalence of crime in the community, the necessity of law enforcement to deter crime, and the evils that may befall society if a jury fails its duty." *State v. Beal*, 840 S.W.2d 881, 882 (Mo.App. S.D.1992). A prosecutor is permitted "to argue to the jury that the protection of the public rests with them." *State v. Kee*, 956 S.W.2d 298, 304 (Mo.App. W.D.1997).

Here, the prosecutor's comments were permissible. The prosecutor appealed to the jury to uphold the law and to protect the community from the danger of drugs. *See State v. Norton*, 949 S.W.2d 672, 677–78 (Mo.App. W.D.1997). The prosecutor's comments were not improper personalization because there was no suggestion of personal danger to the jurors or their families if Defendant was acquitted. *See Raspberry*, 452 S.W.2d at 172.

Finally, Defendant's argument that the prosecutor's comment that drugs pose a danger to society was a comment on facts outside the evidence is without merit. The fact that drugs affect people in the community is a fact within common knowledge, and therefore it is a permissible remark for the prosecutor to make during closing argument. *See State v. Clark*, 926 S.W.2d 194, 197 (Mo.App. W.D.1996) (finding the prosecutor's comment during closing argument that drugs kill and drug dealers inevitably sell drugs that will cause

782

death were proper comments on a matter within common knowledge).

The trial court did not plainly err in overruling Defendant's objections to prosecutor's comments during closing argument. Point I is denied.

In his second point on appeal, Defendant argues the trial court erred in telling the jury to continue deliberating when asked by the jury about what to do if only eleven members of the jury vote for guilty, because the response pressured and coerced the jury's verdict.

At 10:10 a.m., the jury retired to deliberate. At noon, the jurors submitted the following question to the court, "What do we do if we have 11 people who feel he is guilty and 1 of them thinks he is not guilty? We do not for[e]see the one person changing their minds. This pertains to count one." The court conferred with the prosecutor and defense counsel and stated, "I propose to respond as follows. Please continue deliberating. Any objection?" Defense counsel did not object at that time. A couple of hours later, defense counsel objected to this instruction the judge gave to the jury, and requested a mistrial. The trial court overruled that objection and request for a mistrial.

■ The State argues we should decline to review this claim because defense counsel affirmatively waived any objection to the trial court's response to the jury directing it to continue deliberating. Defendant requests this Court to review this point for plain error because he ultimately objected to the court's instruction and included this claim of error in his motion for new trial. Defendant's request for mistrial a couple hours after the court's response to the jury question and his inclusion of this claim in his motion for new trial do not cure his consent to the court's action at the time. Where a defendant affirmatively waives an objection, the fact that he later decides to object to the court's action is of

no consequence and plain error review is not warranted. *See State v. Markham,* 63 S.W.3d 701, 707–08 (Mo.App. S.D.2002). Therefore, plain error review is not warranted here.

■ Even if we were to review Defendant's claim for plain error, however, we would find none. "The verdict is only considered coerced when under the totality of the circumstances it appears that 'the trial court [was] virtually [directing] that a verdict be reached and by implication indicated it would hold the jury until a verdict was reached.'" *State v. Snider,* 869 S.W.2d 188, 192 (Mo.App. E.D.1994) (internal citation omitted).

Here, the record before us does not reflect that the jury was coerced by the court's response to the jury question. The jury had deliberated for about two hours when the foreman sent the first note to the judge stating the jury was split eleven to one on Count I. The information regarding the jury's split was not solicited by the trial court. The trial court also did not give the jury the "hammer instruction;" rather, with the consent of the parties it directed the jury to continue to deliberate. The jury then continued to deliberate about another three hours. Under these circumstances, we could not find the trial court's direction to the jury coercive. *See State v. Prewitt,* 714 S.W.2d 544, 548–49 (Mo.App. W.D.1986) (finding bailiff's comment to the jury to "try harder" was not coercion under the circumstances and that his remarks "could be seen as merely an encouragement to the jury with no element of coercion.").

Point II is denied. AFFIRMED.

GLENN A. NORTON and PATRICIA L. COHEN, JJ., Concur.