**STATE of Missouri, Respondent,**

v.

**Brandon MORGAN, Appellant.**

**No. ED 98680.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 27, 2013.

Andrew E. Zleit, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, Jessica P. Meredith, Asst. Attorney General, Jefferson City, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Brandon Morgan ("Defendant") appeals from the judgment upon his conviction of one count of unlawful use of a weapon, Section 571.030(1), RSMo 2000.[1] Defendant argues the trial court erred in overruling his motion to suppress evidence and in allowing the State to cross-examine Defendant about the possible negative consequences of possession of a gun on his probation status. We affirm.

The following facts were adduced at trial. Officer Blake Witzmann ("Officer Witzmann") and Officer Orie Figgs ("Officer Figgs") were patrolling the Dutchtown neighborhood due to a recent increase in burglaries. The officers observed two men standing on the street corner and one of the men turned to look into a nearby backyard. As the officers got closer, they noticed a third man standing in the backyard, Defendant. As the officers passed, Defendant noticed them and immediately dropped a green backpack into a stairwell. The officers then circled the block and went back to conduct field interviews because they found the behavior was suspicious. The officers believed the two men on the corner could be lookouts for Defendant who was committing a burglary.

When the officers circled around, Defendant and one of the men from the corner were standing in front of the house. The third man had departed. Officer Witzmann approached the men and asked if

---

1. All further references are to RSMo 2000 unless otherwise indicated.

they lived at the house. When they said they did not, Officer Witzmann asked Defendant what he was doing in the back yard. Defendant stated he was going to the bathroom. Defendant also stated he lived on the north side of the city, though Dutchtown is on the south side.

Officer Figgs continued the field interview while Officer Witzmann walked back and found and retrieved the green backpack in the stairwell. Officer Witzmann immediately noticed there was something heavy in the backpack. He opened the backpack and discovered a loaded .32 caliber revolver. When Officer Witzmann walked in front carrying the backpack, Defendant exclaimed, without any solicitation, the backpack was not his. Defendant also stated the gun was not his. After verifying Defendant's age and the fact that he did not have a conceal carry permit, Defendant was arrested. After receiving his Miranda rights, Defendant volunteered that he was on probation and that the gun might be stolen.

Defendant was charged with one count of unlawful use of a weapon, Section 571.030(1).

Defendant subsequently filed a motion to suppress. Defendant contended Officer Witzmann conducted a search of the backpack without a warrant, which was illegal under these circumstances. Thus, Defendant requested that the trial court suppress any evidence concerning items seized as a result of the illegal search as well as any testimony or statements made regarding said items.

The trial court denied the motion to suppress, finding there was reasonable suspicion for the officers to engage Defendant and the other individual. The trial court also found the backpack had been abandoned because Defendant dropped it into a stairwell at a house where he did not live and left it there.

Defendant was subsequently found guilty and sentenced as a prior offender to three years of imprisonment. This appeal follows.

■ In his first point, Defendant argues the trial court erred in overruling his motion to suppress evidence and in admitting the challenged evidence of a gun as well as testimony related thereto because such evidence was collected pursuant to an invalid search and seizure. We disagree.

■ The denial of a motion to suppress is an interlocutory order that is subject to change during trial. *State v. Nylon*, 311 S.W.3d 869, 884 (Mo.App. E.D.2010). Therefore, a party seeking to preserve any claimed error related to the denial of a motion to suppress must make a specific objection when the evidence is offered at trial. *Id.* If the moving party fails to properly object at trial, then the claimed errors may only be reviewed for plain error. *Id.* This Court will only reverse under plain error review where the ruling of the trial court results in a miscarriage of justice or a manifest injustice. *Id.*

Here, Defendant concedes when defense counsel was asked whether he had any objection to the admission of the backpack and gun at trial, he stated "none." Missouri courts have consistently held that stating "no objection" when evidence is introduced precludes direct appellate review of the admission. *State v. Baker*, 103 S.W.3d 711, 716 (Mo. banc 2003). Defendant, however, contends, relying on *Baker*, that the court should make an exception and grant normal review. We find *Baker* is distinguishable from this case because in *Baker* the defendant had been granted a continuing objection even though he failed to object every time evidence was introduced. *Id.* In this case, there was no continuing objection. Thus, we review Defendant's first point for plain error only.

We will reverse a trial court's ruling on a motion to suppress only if it is clearly erroneous. *State v. Sund*, 215 S.W.3d 719, 723 (Mo. banc 2007). We defer to the trial court's factual findings and credibility determinations and consider all evidence and reasonable inferences in the light most favorable to the trial court's ruling. *Id.* However, whether conduct violates the Fourth Amendment is an issue of law that this Court reviews *de novo*. *Id.*

The Fourth Amendment to the United States Constitution guarantees that individuals will not be subject to unreasonable searches or seizures. U.S. Const. Amend. IV. Police officers are free to question individuals, even without reasonable suspicion of criminal activity, if the encounter is consensual. *Sund*, 215 S.W.3d at 723.

Defendant does not challenge the legality of field interviews. Defendant's claim focuses on Officer Witzmann's search of the backpack without a warrant. Defendant claims no exception to the warrant requirement was present in this case; thus, Officer Witzmann's search of the backpack was illegal.

The trial court found the backpack had been abandoned because Defendant dropped it into a stairwell at a house where he did not live and left it on property where he had no right to enter.

We have held the warrantless search or seizure of abandoned property does not violate the Fourth Amendment. *State v. Qualls*, 810 S.W.2d 649, 652 (Mo.App. E.D. 1991). The test for abandonment in the search and seizure context is distinct from the property law notion of abandonment: it is possible for a person to retain a property interest in an item, but nonetheless to relinquish his or her reasonable expectation of privacy in the object. *Id.* For purposes of Fourth Amendment analysis, the test for determining abandonment is primarily a question of intent and therefore an objective one, which may be inferred from words spoken, acts done, and other objective facts. *Id.* We will not disturb the trial court's determination that an abandonment occurred unless that finding is clearly erroneous. *Id.*

Defendant claims the fact that he stayed in the general vicinity of the backpack indicates he was not abandoning it. However, as noted above, Defendant dropped the backpack and its contents into a stairwell at a house where he did not live and left it on property where he had no right to enter. In addition, when Officer Witzmann retrieved the backpack, Defendant exclaimed, without any solicitation, the backpack was not his. Defendant also stated the gun was not his. Thus, Defendant repeatedly stated the bag and its contents were not his. Moreover, he left the backpack and gun on someone's property he had no right to enter. Therefore, Defendant had no reasonable expectation of privacy in the bag or its contents when Officer Witzmann seized and searched them.

Therefore, we find the trial court did not plainly err in overruling Defendant's motion to suppress evidence and in admitting the evidence of the gun, and Defendant's statements pertaining to it because the evidence was not collected pursuant to an invalid search and seizure. Point denied.

■ In his second point, Defendant argues the trial court abused its discretion in allowing the State to cross-examine Defendant about the possible negative consequences of possession of a gun on his probation status because such questions were used to suggest his guilt and prejudicially impacted his case. We disagree.

The standard of review for the admission of evidence is abuse of discretion. *State v. Primm*, 347 S.W.3d 66, 70 (Mo.

banc 2011). This standard gives the trial court broad leeway in choosing to admit evidence; therefore, an exercise of this discretion will not be disturbed unless it is clearly against the logic of the circumstances. *Id.*

When a defendant chooses to testify, he opens the door to an attack on his credibility by the prosecution through proof of his prior convictions. *State v. Tramble*, 383 S.W.3d 34, 40 (Mo.App. E.D. 2012). On cross-examination, the State has an absolute right to demonstrate prior convictions and the nature and kind thereof for the purposes of impeachment, limited only by the restriction that the cross-examiner shall not go into details of the crimes leading to prior convictions. *Id.* The State may inquire into the nature, date, and place of prior convictions and the resulting sentences. *Id.*

Defendant contends the State's questions were intended to infer guilt rather than to attack Defendant's credibility. Defendant testified he had previously pled guilty to receiving stolen property in 2010. Defendant also stated he received probation for that charge. With regard to the charges at issue in this case, Defendant denied being in the backyard and denied ownership of the backpack and gun.

Thus, when the State cross-examined Defendant, it attacked his credibility by clarifying his probation sentence in the previous case. By showing he was already on probation when the current incident happened, the State attempted to show Defendant had a strong motive to not be truthful with the jury about the current case. Defense counsel objected and requested a mistrial. Its objection was overruled and its request for a mistrial was denied.

During the State's rebuttal to Defendant's closing argument, the Stated noted the jury should consider Defendant's prior conviction and probationary status to determine whether his testimony that he was on the front porch throughout the entire incident was credible.

Further, Instruction Number 6 provided:

If you find and believe from the evidence that [D]efendant pled guilty to the offense of Receiving Stolen Property Over 500 dollars, you may consider that evidence for the sole purpose of deciding the believability of the [D]efendant and the weight to be given to his testimony and for no other purpose. You must not consider such previous plea of guilty as any evidence that the [D]efendant is guilty of any offense for which he is now on trial.

We note the jury is presumed to follow the instructions of the court. *State v. McFadden*, 391 S.W.3d 408, 424 (Mo. banc 2013). Defendant alleges no facts to overcome this presumption.

Lastly, even if the evidence from the cross-examination was improperly admitted, for an error to be prejudicial, the defendant must establish a reasonable probability that, had the evidence been excluded, the outcome at trial would have been different. *State v. Batiste*, 264 S.W.3d 648, 652 (Mo.App. W.D.2008). Defendant has failed to make any such showing in this case.

Therefore, the trial court did not abuse its discretion in allowing the State to cross-examine Defendant about the possible negative consequences of possession of a gun on his probation status. Point denied.

The judgment of the trial court is affirmed.

LAWRENCE E. MOONEY, P.J. and SHERRI B. SULLIVAN, J., concur.