

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,    )
                                 )
        Plaintiff-Respondent,    )
                                 )
v.                                   )    No. SD37423
                                 )    **Filed: February 3, 2023**
BRYON ALAN HANSEN,    )
                                 )
        Defendant-Appellant.    )

### APPEAL FROM THE CIRCUIT COURT OF MCDONALD COUNTY

Honorable John R. LePage

### <u>AFFIRMED</u>

Bryon Alan Hansen ("Hansen") appeals the judgment of the Circuit Court of McDonald County, Missouri ("trial court"), convicting him, after a jury trial, of four counts: felony first-degree statutory sodomy (Count I), felony first-degree child molestation (Count II), felony first-degree statutory sodomy (Count III), and felony first-degree child molestation (Count IV). The trial court sentenced Hansen to terms of 25 years each in the Missouri Department of Corrections on Counts I and III with the sentences to run consecutively and to terms of 15 years each on Counts II and IV with the sentences to run concurrently to each other and to the sentences on all other counts. Hansen was also charged with felony second-degree rape (Count V) and felony

second-degree sodomy (Count VI), but the State dismissed those charges by entering *nolle prosequi*.

On appeal, Hansen asserts six claims of error. He seeks reversal of his convictions on each count and requests discharge or remand for a new trial. The judgment is affirmed.

**Factual Background and Procedural History**

The charges against Hansen arose from his actions toward his stepdaughter B.S. during times B.S. and Hansen lived in the same home. B.S. was born in March 2001 and lived with Hansen and K.S., Hansen's wife and B.S.'s mother, during the relevant periods. To the extent additional factual background or procedural history is necessary to resolve any point on appeal, it is included in the discussion of each point.

**Analysis**

Points I & II: Motion for Judgment of Acquittal at Close of State's Evidence

Hansen's first and second points are identical and argue that the trial court erred in overruling his motion for judgment of acquittal at the close of the State's evidence:

> The trial court erred in overruling [Hansen's] motion for judgment of acquittal at the close of the State's evidence, because there was insufficient evidence as a matter of law to establish guilt beyond a reasonable doubt and the weight of the evidence was against the verdict, in that the State's evidence against [Hansen] was circumstantial and contradictory and the evidence was clear that [Hansen] did not have the requisite specific intent wherefore [Hansen] requests this Court reverse and remand to the trial court for a new trial or to enter judgment for the appropriate lesser offense.

The record, however, reflects Hansen did not move for judgment of acquittal at the close of the State's evidence.[1] Even had he so moved, he waived any claim of error by proceeding to put on a case. *See **State v. Bumbery**, 492 S.W.3d 656, 661 (Mo.App. 2016) ("Because

---

[1] Hansen did not verbally move for judgment of acquittal at the close of the State's evidence, and the Judge's Docket Sheet contains the following docket entry dated 11/30/21: "St rests [Hansen] does not move for directed verdict at close of St case. [Hansen] presents evidence. Court recesses for night."

2

Defendant chose not to stand on that motion and instead presented evidence on his own behalf, he waived any claim of error relating to the court's ruling on the first motion for judgment of acquittal."). *See also* **State v. Gaines**, 316 S.W.3d 440, 452 (Mo.App. 2010) ("A defendant waives any claim of error in the denial of his motion for judgment of acquittal at the close of the State's evidence when he subsequently presents evidence on his behalf.") (citing **State v. May**, 71 S.W.3d 177, 182 (Mo.App. 2002)). Points I and II are denied.[2]

Point III: Hansen's Prior Conviction

Hansen argues that the trial court erred in admitting evidence of Hansen's prior domestic assault conviction. The record reflects the State cross-examined Hansen about his domestic assault conviction, and Hansen repeatedly denied knowledge of the conviction. Hansen acknowledges he did not object to the questioning, entitling him to at most discretionary plain error review.[3]

---

[2] Hansen's counsel verbally moved for judgment of acquittal at the close of all of the evidence, and the trial court denied the motion. In the Conclusion to Appellant's Brief, Hansen asserts: "The trial court erred in not sustaining Appellant's motion for judgment of acquittal at the close of the State's evidence and at the close of all of the evidence." Because neither Points I or II (nor the Argument) discuss a motion for judgment of acquittal at the close of all of the evidence, any claim concerning the motion for judgment of acquittal at the close of all of the evidence fails to comply with Rule 84.04(d)(1)(A) and preserves nothing for review. Rule 84.04(d)(1)(A) requires that each point "Identify the trial court ruling or action that the appellant challenges." "Any appellant who does not comply with Rule 84.04's mandates for a point relied on fails to preserve the argument for this Court's review." **State v. Minor**, 648 S.W.3d 721, 727 (Mo. banc 2022) (citing **Fowler v. Mo. Sheriffs' Ret. Sys.**, 623 S.W.3d 578, 583 (Mo. banc 2021)). "The requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts." **Thummel v. King**, 570 S.W.2d 679, 686 (Mo. banc 1978). This rule "give[s] notice to the opposing party as to the precise matters that must be contended with and to inform the court of the issues presented for review." **Eddington v. Cova**, 118 S.W.3d 678, 681 (Mo.App. 2003) (citing **Othman v. Wal-Mart Stores, Inc.**, 91 S.W.3d 684, 687 (Mo.App. 2002)). While we recognize that a "claim that the evidence was insufficient to support [the defendant's] conviction is preserved on appeal even if not raised or not timely raised in the trial court," **State v. Claycomb**, 470 S.W.3d 358, 361 (Mo. banc 2015) (citing Rule 29.11(e)), in this case Hansen failed to raise a sufficiency challenge on appeal altogether, save for the passing mention in the Conclusion, thereby preserving nothing for review. Further, our review of the briefing and record shows there was sufficient evidence to support each conviction as B.S. testified concerning the conduct at issue in each charge. Hansen contends only that there was no physical evidence supporting or corroborating the allegations against him and witness testimony was conflicting. "The testimony of a single witness is sufficient to support a conviction even if the testimony of the witness is inconsistent." **State v. Dodd**, 637 S.W.3d 659, 668 (Mo.App. 2021) (quoting **State v. Bell**, 936 S.W.2d 204, 207 (Mo.App. 1996)). Unless otherwise noted, all rule references are to Missouri Court Rules (2022).

[3] In Point III as well as in several other Points, Hansen notes he did not object at trial but did include the issue in his motion for new trial. Because Hansen failed to object at trial, he preserved nothing for review. "To properly

3

"Rule 30.20 is the exclusive means by which an appellant can seek review of *any* unpreserved claim of error and said claim—no matter if it is statutory, constitutional, structural, or of some other origin—is evaluated by this Court's plain error framework without exception." *State v. Brandolese*, 601 S.W.3d 519, 530 (Mo. banc 2020). "Under plain error review, the defendant still bears the burden of establishing manifest injustice[.]" *Id*. (citing *State v. Oates*, 540 S.W.3d 858, 863 (Mo. banc 2018)).

Because Hansen has not alleged, much less established, manifest injustice or miscarriage of justice from this line of questioning about his past conviction, he is not entitled to plain error review.[4]

When Hansen denied being aware of his past domestic assault conviction, the State tried to refresh his recollection by showing him a docket entry reflecting his domestic assault conviction, and Hansen continued to deny knowledge of the conviction. The State then sought to admit State's Exhibit 2, a certified copy of Hansen's domestic assault Sentence and Judgment in the Circuit Court of Jasper County, Missouri. Hansen objected to the admission of State's Exhibit 2 as a prior bad act. The trial court admitted State's Exhibit 2 over Hansen's objection, indicating State's Exhibit 2 was admitted to refresh Hansen's recollection since he denied knowledge of the conviction.

---

preserve an issue for appeal, a timely objection must be made during trial." *State v. Tolentino-Geronimo*, 571 S.W.3d 214, 216 (Mo.App. 2019) (quoting *State v. Adkison*, 517 S.W.3d 645, 651 (Mo.App. 2017)). "The objection at trial must be specific and made contemporaneously with the purported error." *Adkison*, 517 S.W.3d at 651 (quoting *State v. Driskill*, 459 S.W.3d 412, 426 (Mo. banc 2015)).

[4] Impeachment with a prior criminal conviction is expressly permitted by Section 491.050. "[T]he prosecutor had an absolute right to inquire into the nature, date, place and resulting sentence [of] the prior conviction" for the purposes of impeachment. *State v. Riggs*, 520 S.W.3d 788, 797 (Mo.App. 2016) (citing *State v. Tramble*, 383 S.W.3d 34, 40 (Mo.App. 2012)). The State is restricted from "go[ing] into the details of the crime leading to the conviction." *Id.* "If an accused makes statements designed to blunt the impact of a prior conviction, however, it is within the trial court's discretion to permit the prosecutor to test and challenge such statements by going into the details of the crime leading to a prior conviction." *Taylor v. State*, 173 S.W.3d 359, 366 (Mo.App. 2005) (citing *State v. Skelton*, 887 S.W.2d 699, 704 (Mo.App. 1994)). Unless otherwise stated, all statutory references are to RSMo 2016.

To the extent Hansen is challenging admission of State's Exhibit 2 over Hansen's objection, we find the trial court did not abuse its discretion in admitting State's Exhibit 2 when Hansen repeatedly denied knowledge of the conviction. We review "the admission or exclusion of evidence at trial [] for abuse of discretion." *State v. Ellis*, 512 S.W.3d 816, 825 (Mo.App. 2016) (citing *State v. Madorie*, 156 S.W.3d 351, 355 (Mo. banc 2005)). A trial court "abuses its discretion only if its decision to admit or exclude evidence is clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." *Minor*, 648 S.W.3d at 733 (quoting *State v. Blurton*, 484 S.W.3d 758, 769 (Mo. banc 2016)) (internal quotation omitted).

Section 491.050 expressly allows for impeachment with a past conviction and provides "[s]uch proof may be either by the record or by his own cross-examination[.]" The trial court did not abuse its discretion in following Section 491.050 and admitting a certified copy of Hansen's 2004 domestic assault conviction, where Hansen's credibility was directly at issue and where Hansen repeatedly denied recollection of the conviction. *See Taylor*, 173 S.W.3d at 366 ("If an accused makes statements designed to blunt the impact of a prior conviction . . . it is within the trial court's discretion to permit the prosecutor to test and challenge such statements by going into the details of the crime leading to a prior conviction."). Point III is denied.

Point IV: Propensity Evidence

Hansen argues that the trial court erred in admitting propensity evidence elicited in the testimony of Hansen's biological daughter A.S. Before trial, the State filed a "Notice of State's Intent to Rely on Propensity Witnesses Testimony" wherein the State indicated it intended to offer testimony that A.S. had been sexually abused by Hansen "which abuse occurred within a similar time frame and at the same location as the sexual abuse of [B.S.,]" and that both B.S. and

5

A.S. "were under fourteen years of age when they were first sexually abused by [Hansen]." The trial court granted the State's motion over the objection of Hansen's counsel.[5] A.S. testified without objection.

Hansen acknowledges he may be entitled to at most discretionary plain error review since he did not object at trial. Hansen argues only abuse of discretion and does not allege, much less establish, manifest injustice or miscarriage of justice from admission of A.S.'s propensity witness testimony. Hansen has failed to "facially establish substantial grounds for believing that manifest injustice or miscarriage of justice has resulted." *Brandolese*, 601 S.W.3d at 526 (quoting *State v. Clay*, 533 S.W.3d 710, 714 (Mo. banc 2017)). Point IV is denied.

### Point V: Text Messages

Hansen argues that the trial court erred in admitting State's Exhibit 3, consisting of three screenshots of purported text messages between K.S. and Hansen, for failure to comply with the rule of completeness.[6] K.S. testified that Hansen threatened her on various occasions. During the State's cross-examination of Hansen, Hansen testified he either did not make the threats attributed to him by K.S. or did not recall. The State then showed Hansen five screenshots of

---

[5] The Missouri Constitution states:

> [I]n prosecutions for crimes of a sexual nature involving a victim under eighteen years of age, relevant evidence of prior criminal acts, whether charged or uncharged, is admissible for the purpose of corroborating the victim's testimony or demonstrating the defendant's propensity to commit the crime with which he or she is presently charged. The court may exclude relevant evidence of prior criminal acts if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.

Mo. Const. art. 1, sec.18(c). The Missouri Constitution "clearly allows for the admission of *uncharged* prior criminal acts." *State v. Brown*, 596 S.W.3d 193, 208 (Mo.App. 2020).

[6] Insofar as Hansen now objects to State's Exhibit 3 on the basis of relevancy, this point is denied. While Hansen did lodge a relevance objection to a single question in the lead up to the State introducing Exhibit 3, Hansen failed to object to State's Exhibit 3 on the basis of relevance at trial, entitling him to at most discretionary plain error review. *See Oates*, 540 S.W.3d at 863. Because Hansen failed to allege manifest injustice or a miscarriage of justice as a result of the claimed error, we decline plain error review. *Brandolese*, 601 S.W.3d at 526 (citing *Clay*, 533 S.W.3d at 714).

purported text messages between Hansen and K.S., and Hansen again denied recollection of the conversation. Over defense counsel's objection for failure to comply with the rule of completeness, the trial court admitted State's Exhibit 3. Hansen did not make an offer of proof as to what would have made State's Exhibit 3 complete.

We review "the admission or exclusion of evidence at trial [] for abuse of discretion." *Ellis*, 512 S.W.3d at 825 (citing *Madorie*, 156 S.W.3d at 355). A trial court "abuses its discretion only if its decision to admit or exclude evidence is clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." *Minor*, 648 S.W.3d at 733 (quoting *Blurton*, 484 S.W.3d at 769) (internal quotation omitted). Our review is not just for mere error, but also prejudice. *Id.* "Trial court error in the admission of evidence is prejudicial if the error so influenced the jury that, when considered with and balanced against all of the evidence properly admitted, there is a reasonable probability that the jury would have reached a different conclusion without the error." *State v. Suttles*, 581 S.W.3d 137, 145 (Mo.App. 2019) (quoting *State v. McWilliams*, 564 S.W.3d 618, 629-30 (Mo.App. 2018)). Likewise, Hansen's objection to the admission of State's Exhibit 3 as in violation of the rule of completeness also requires him to establish prejudice. "This rule [of completeness] is only violated when a statement is admitted in an edited form and there is a distortion of the meaning of the statement or an exclusion of information that is substantially exculpatory to the declarant." *Carr v. Ferrell-Duncan OBGYN Clinic*, 538 S.W.3d 360, 365 (Mo.App. 2018) (citing *State v. Collier*, 892 S.W.2d 686, 695 (Mo.App. 1994)).

Hansen has not established that the alleged error prejudiced him. "A complaining party is not entitled to assert prejudice if the challenged evidence is cumulative to other related

admitted evidence." ***Brandolese***, 601 S.W.3d at 536 (quoting ***St. Louis Univ. v. Geary***, 321 S.W.3d 282, 292 (Mo. banc 2009)). Here, the trial court admitted State's Exhibit 3 to refute Hansen's denial that Hansen had threatened K.S. and other family members, including B.S. K.S. testified that Hansen had threatened to "take out" K.S.'s entire family and that if K.S. did not "get the girls to shut their mouth" he would "take care of the whole thing." K.S. also testified that Hansen "told [K.S.] over and over that he should have killed [K.S.] and [B.S.] when [Hansen] had the chance." This testimony was presented without objection. B.S. also testified that she had been threatened and this testimony was also offered without objection. The text messages corroborated K.S.'s and B.S.'s testimony about Hansen's threats. While Hansen notes that "there was not a date on the messages and no context as to when and for what reason the parties were having a discussion," Hansen does not argue that this information would be substantially exculpatory to him.

Because State's Exhibit 3 is cumulative to other admitted evidence and because Hansen has not established or even alleged that any information substantially exculpatory to him was excluded from State's Exhibit 3 in violation of the rule of completeness, Hansen cannot establish prejudice from the admission of State's Exhibit 3. Point V is denied.

Point VI: Credibility of Hansen's Mother

Hansen alleges that the trial court erred in admitting evidence that Hansen's mother ("Mother") had been found not credible in a past legal proceeding filed by Mother seeking a restraining order against B.S.'s maternal grandmother.

On direct examination, Hansen's counsel asked Mother if "there [was] ever a situation where you had filed something and it got dismissed as being not credible, a protective order, anything like that?" Mother responded that "the judge wouldn't take the restraining order from

8

[her]." On cross examination, the State provided Mother with a copy of the docket entry from the prior legal proceeding, which states: "Hearing held. Petitioner found to not be a credible witness. Petitioner made comments in open court. Heard by court and opposing counsel and then lied about comment to court while under oath. Allegations made, found not to be true. Petitioner's request is denied. Case dismissed with prejudice." The State then asked Mother about the docket entry, and Mother confirmed it would help her understand if the State read the docket entry. The State then read the docket entry, and Mother testified that she did not remember going to court.

Because Hansen did not object at trial, he did not preserve his claim of error and is entitled to at most discretionary plain error review. Hansen has failed to meet his burden of proving that the alleged error caused manifest injustice warranting plain error review.[7] Additionally, "this Court will not use plain error to impose a *sua sponte* duty on the trial court to correct Defendant's invited errors." *Clay*, 533 S.W.3d at 714 (citing *State v. Bolden*, 371 S.W.3d 802, 806 (Mo. banc 2012)). Here, Hansen's counsel invited the error by first asking Mother about the prior legal proceeding against B.S.'s maternal grandmother. Point VI is denied.

### Conclusion

The judgment is affirmed.

GINGER K. GOOCH, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

JACK A. L. GOODMAN, C. J. – CONCURS

---

[7] "It has long been a rule in Missouri that on cross-examination a witness may be asked any questions which tend to test his accuracy, veracity or credibility[.]" *Mitchell v. Kardesch*, 313 S.W.3d 667, 670 (Mo. banc 2010) (quoting *Sandy Ford Ranch, Inc. v. Dill*, 449 S.W.2d 1, 6 (Mo. 1970)).